UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CARL MICHAEL ULRICH, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-838-DRL-MGG |
| LAPORTE COUNTY JAIL, QUALITY CORRECTIONAL CARE, LLC, and DR. TCHETTCHAT, | |
| Defendants. | |

OPINION & ORDER

Carl Michael Ulrich, a prisoner without a lawyer, filed a vague complaint with unrelated claims asking that it be certified as class action. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Ulrich wants this case certified as a class action. However, it would be "plain error to permit this imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *see also Hagan v. Rogers*, 570 F.3d 146, 159 (3rd Cir. 2009). "Under Rule 23(a)(4), a class representative must fairly and adequately protect the interests of the class. A litigant may

bring his own claims to federal court without counsel, but not the claims of others. This is so because the competence of a layman is clearly too limited to allow him to risk the rights of others." *Fymbo v. State Farm*, 213 F.3d 1320, 1321 (10th Cir. 2000) (citations and quotation marks omitted). The claims of others must be dismissed, and the request to proceed as a class action denied.

As for his own claims, the complaint is confusing. Mr. Ulrich describes various unrelated conditions and events at the jail, but "unrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). His allegations about medical issues are unrelated to his allegations about the physical conditions at the jail. Moreover, he does not say what specifically has happened to him. Rather he has merely described general events which he says have happened to someone.

As written, the complaint does not present sufficient facts to plausibly state a claim. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679

2

(quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

If Mr. Ulrich has additional facts about what has happened to him personally in the LaPorte County Jail, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form that is available from his law library. After he properly completes and signs that form, he needs to send it to the court. Additionally, he must resolve his filing fee status by either paying the filing fee or filing an in forma pauperis motion with a copy of his inmate trust fund ledger for the prior six months.

For these reasons, the court:

(1) GRANTS Carl Michael Ulrich until **November 19, 2020** to resolve his filing fee status and to file an amended complaint on a Pro Se 14 (INND Rev. 2/20) Prisoner Complaint form; and

(2) CAUTIONS Carl Michael Ulrich if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

October 21, 2020  *s/ Damon R. Leichty*
Judge, United States District Court